same is made." It seems to have been the unbroken rule since that date that the confession must have been made to the person named therein as the person to whom it is made. Perrett v. State, 72 Tex.Cr.R. 212, 162 S.W. 882; Justice v. State, 112 Tex. Cr.R. 586, 18 S.W.2d 657; Miller v. State, 113 Tex.Cr.R. 417, 21 S.W.2d 304; Grice v. State, 115 Tex.Cr.R. 64, 29 S.W.2d 793; Hergesheimer v. State, 139 Tex.Cr.R. 427, 141 S.W.2d 598; Conn v. State, 140 Tex. Cr.R. 202, 143 S.W.2d 1036; Erisman's Manual of Reversible Errors, sec. 199, p. 169.

The judgment of the trial court is reversed and the cause remanded.

J. P. Darrouzet, Victor Rogers, Austin, for appellant.

Les Procter, Dist. Atty., David S. McAngus, Asst. Dist. Atty., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The State has filed an affidavit showing that the appellant in this case has died.

All matters presented by this appeal have now become moot; all prior opinions delivered by this Court are withdrawn; and the appeal is now abated.

Calvin WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 28295.

Court of Criminal Appeals of Texas.

March 6, 1957.

Richard J. COOKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 28820.

Court of Criminal Appeals of Texas.

Feb. 27, 1957.